Paltan-Daquilema v. Garland
BIA
Hom, IJ
A205 703 139

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand twenty-one.

PRESENT:
        JON O. NEWMAN,
        ROBERT D. SACK,
        RICHARD J. SULLIVAN,
          *Circuit Judges.*

---

JOSE ANTONIO PALTAN-DAQUILEMA,
        *Petitioner*,

        v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent.*[*]

19-807
NAC

---

| FOR PETITIONER: | Edgar L. Fankbonner, Goldberger & Dubin, PC, New York, NY. |
|---|---|
| FOR RESPONDENT: | Brian Boynton, Acting Assistant Attorney General; Anthony C. Payne, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United |

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Merrick B. Garland is automatically substituted as Respondent.

States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jose Antonio Paltan-Daquilema, a native and citizen of Ecuador, seeks review of a February 28, 2019 decision of the BIA affirming a November 17, 2017 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Jose Antonio Paltan-Daquilema,* No. A205 703 139 (B.I.A. Feb. 28, 2019), *aff'g* No. A205 703 139 (Immig. Ct. N.Y. City Nov. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the adverse credibility determination that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the findings of the IJ and the BIA under the substantial evidence standard, and we review

questions of law *de novo*. *See* 8 U.S.C. § 1252(b)(4)(B); *Wei Sun v. Sessions*, 883 F.3d 23, 27 (2d Cir. 2018). We review the IJ's decision to set and enforce filing deadlines for abuse of discretion. *See Dedji v. Mukasey*, 525 F.3d 187, 191 (2d Cir. 2008).

Paltan-Daquilema first argues that the BIA should have remanded these proceedings and directed the IJ to consider evidence submitted by Paltan-Daquilema nearly six months after the IJ's deadline for evidentiary submissions. But "[t]o preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." *Steevenez v. Gonzales*, 476 F.3d 114, 117 (2d Cir. 2007) (internal citations omitted). Here, Paltan-Daquilema failed to specifically challenge the IJ's rejection of his late-filed evidence before the BIA. As a result, Paltan-Daquilema failed to exhaust his administrative remedies as to that decision, and we will not review this challenge for the first time on appeal. *Id.* at 118.

Paltan-Daquilema also argues that the BIA "should have reversed the IJ's adverse credibility finding." Petitioner's Brief at 24. But the BIA concluded that it did not need to address the IJ's adverse credibility finding because, "even

3

assuming the respondent is credible, [the BIA would] affirm the Immigration Judge's finding that he did not adequately corroborate his claim and did not show that he has a well-founded fear of future persecution on account of a protected ground."  Notably, Paltan-Daquilema has not challenged before this Court the agency's dispositive finding that he failed to adequately corroborate his claim that he fears persecution as an indigenous evangelical Ecuadorian man who has divorced. Paltan-Daquilema therefore has abandoned this claim.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (petitioner abandons claim by not raising it in his brief).  And because it was not necessary for the BIA to address the IJ's credibility findings, much less to reverse the IJ's credibility findings, the BIA did not err by declining to do so.

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4